**FILED**

JAMES J. VILT, JR. - CLERK

JUL 2 8 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

✎AO 241
(Rev. 10/07)

Page 1

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western at Paducah | |
|---|---|---|
| Name (under which you were convicted):<br><br>Ricky Lee Welch | | Docket or Case No.:<br><br>5:23-cv-105-BJB |
| Place of Confinement : Kentucky State Penitentiary (KSP)<br>266 Water Street<br>Eddyville, Kentucky 42038 | Prisoner No.: | 111383 |
| Petitioner (include the name under which you were convicted)<br><br>Ricky Lee Welch          v. | Respondent (authorized person having custody of petitioner)<br><br>Scott Jordan, Warden<br>KSP | |
| The Attorney General of the State of   Kentucky, Daniel Cameron | | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Carroll Circuit Court
    Judicial Center
    224 S Main St
    Williamstown, Kentucky 41097-1210
    (b) Criminal docket or case number (if you know):  16-CR-00042

2.  (a) Date of the judgment of conviction (if you know):  07/14/2017

    (b) Date of sentencing:  09/14/2017

3.  Length of sentence:  Fifty (50) years imprisonment

4.  In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Robbery in the First Degree
    Kidnapping
    Burglary in the Third Degree
    Persistent Felony Offender in the First Degree

6.  (a) What was your plea? (Check one)

    ☒ (1)    Not guilty          ☐ (3)    Nolo contendere (no contest)

    ☐ (2)    Guilty              ☐ (4)    Insanity plea

✎AO 241
(Rev. 10/07)

Page 2

(2b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court:   Supreme Court of Kentucky

(b) Docket or case number (if you know):   2017-SC-000528

(c) Result:   Judgment Affirmed

(d) Date of result (if you know):   12/13/2018

(e) Citation to the case (if you know):   Welch v. Commonwealth, 563 S.W.3d 612 (Ky. 2018)

(f) Grounds raised:

1) The trial court denied Ricky his right to present a defense by prohibiting his expert witness to testify about eyewitness identification;

2) The trial court erroneously allowed law enforcement officers to provide expert testimony about infrared cameras and boot print comparisons;

3) The trial court failed to exclude the photo identification even though police failed to follow proper procedure;

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No   This is the highest court in the state.

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

4)  Cumulative error in this case warrants a reversal for a new trial.

AO 241
(Rev. 10/07)

Page 3

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    Carroll Circuit Court

(2) Docket or case number (if you know):    16-CR-00042

(3) Date of filing (if you know):    06/04/2019

(4) Nature of the proceeding:    RCr 11.42 motion

(5) Grounds raised:

1) Trial Counsel failed to properly advise Welch on the importance of accepting a 15 year plea bargain and gave erroneous legal advice wherein Welch proceeded to trial and received 50 years @ 85%;

2) Welch was denied the basic tools of an adequate defense when trial counsel failed to request and move for expert assistance regarding the voice identification of Welch, infrared technology images and bootprint evidence including experts in the evaluation, preparation, and presentation of defenses;

3) Trial Counsel failed to conduct any pretrial investigation to investigate /interview witnesses for trial, including the alleged victim or officers involved;

4) The prosecution intentionally destroyed and/or suppressed exculpatory material

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes    ☐ No

(7) Result:    Denied

(8) Date of result (if you know):    05/13/2020

evidence favorable to accused and counsel failed to object to it;

5) Counsel failed to object or move to exclude biased juror/juror misconduct;

6) The knowingly use of false evidence of the boot prints made by the Sheriff violated due process within this case and counsel failed to object to it;

7) Welch had a clear case of free-standing actual innocence which went uninvestigated by trial counsel and she failed to raise it;

8) Appellant Counsel provided ineffective assistance by failing to support a theory on direct appeal with any controlling case precedent pertaining to Dr. Neuschatz during his avowal testimony regarding photo array identification evidence which prejudiced Welch's defense and by failing to raise issues on appeal in Arguments I through VII.

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏   Yes    ❏   No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:   ☒ Yes   ☐ No

(2) Second petition:  ☐ Yes   ☐ No

(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
      laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
      supporting each ground.

      CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
      remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
      grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**  Welch was denied due process of law, in violation of the 5th, 6th,
and 14th Amendments to the United States Constitution, via an evidentiary ruling
that prohibited his expert witness from testifying and rendered his trial unfair.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Welch attempted to introduce the expert testimony of Dr. Neuschatz, a psychologist
from the University of Alabama, Huntsville, who has been qualified as an expert in
eyewitness testimony in numerous states, including Kentucky.

The trial court held that Dr. Neuschatz was an expert, but prohibited his testimony.

The trial court prevented the Jury from hearing how the victim's memory might have
been affected when she was robbed and kidnapped at gunpoint.

The trial court's evidentiary ruling was so fundamentally unfair that it amounts
to a due process violation.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 10/07)

Page 6

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒  Yes     ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes     ☒  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐  Yes     ☐  No

(4) Did you appeal from the denial of your motion or petition?     ☐  Yes     ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐  Yes     ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

✎AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:** Welch was denied due process of law, in violation of the 5th, 6th, and 14th Amendments to the United States Constitution, via an evidentiary ruling that allowed law enforcement officers to provide expert testimony about infrared cameras and bootprint comparisons which rendered his trial unfair.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At trial, several officers testified that bootprints found near several locations connecting them to the crime were "consistent" with the boots worn by Welch when he was arrested even though the official lab report makes no such connection.

At trial, Deputy Hawkins testimony went beyond his own observations and drifted into expert testimony when he began to discuss how infrared cameras worked. Specifically, the Deputy put forth that the images were black and white due to the darkness outside and that the temperature affects infrared images by making them appear mostly white. These were incorrect assumptions put forth to the Jury.

The trial court's evidentiary ruling was so fundamentally unfair that it amounts to a due process violation.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 10/07)

Page 8

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:** Welch was denied due process of law, in violation of the 5th, 6th, and 14th Amendments to the United States Constitution, via an evidentiary ruling that failed to exclude photo identification which used improper procedures and rendered his trial unfair.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Law enforcement officers failed to follow a Department of Justice guideline. The officers did not employ the double blind lineup procedure. The victim was not told that the suspect might not be in the lineup. And, not all of the other people in the lineup matched the victim's description of the robber. Moreover, officers did not ask the victim how confident she was to making a correct identification.

The trial court erred by not supressing the unduly suggestive photo identification.

The trial court's evidentiary ruling was so fundamentally unfair that it amounts to a due process violation.

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** Welch was denied effective assistance of counsel, in violation of the 6th Amendment to the United States Constitution, when trial counsel failed to request and move for expert assistance in presenting his defense.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Trial counsel failed to request and move for expert assistance regarding the voice identification of Welch, infrared technology images, and bootprint evidence.

Non-experts were permitted to give expert testimony for the Commonwealth which the defense was unable to prove the falsity of because of the failure of trial counsel to seek funds for experts in order to do so.

Welch suffered prejudice, in that he was denied an adequate opportunity to present his defense fairly and have it fully developed with facts beneficial to him.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: RCr 11.42 motion

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Carroll Circuit Court      224 S Main St
Judicial Center            Williamstown, Kentucky 41097-1210

Docket or case number (if you know):  16-CR-00042

Date of the court's decision:  05/13/2020

Result (attach a copy of the court's opinion or order, if available):  Denied

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Kentucky Court of Appeals      Frankfort, Kentucky 40601
360 Democrat Drive

Docket or case number (if you know): 2020-CA-0917-MR

Date of the court's decision: 10/14/2022

Result (attach a copy of the court's opinion or order, if available):  Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:  Motion for Discretionary Review

GROUND FIVE:  Welch was denied effective assistance of counsel, in violation of the 6th Amendment to the United States Constitution, when trial counsel failed to investigate.

Nine (9) witnesses were not investigated, nor interviewed by trial counsel pretrial:  Judy Jones, Larry Wilhoite, Assistant Chief Tim Mitchell, Officer Tim Gividen, Wayne Heightchew, Sheriff Rodney Hawkins, Sheriff Jamie Kinman, Vicki Lewis, and Flora Gibson.  This failure was fatal to Welch's case.  Welch suffered prejudice, in that he was denied an adequate opportunity to present his defense fairly and have it fully developed with facts beneficial to him.

(c)  Welch did not raise this issue on Direct Appeal.

(d)  Welch did raise this issue through a post-conviction motion in the state trial court via RCr 11.42 motion.

Welch filed his RCr 11.42 motion in the Carroll Circuit Court, Judicial Center, 224 S Main St, Williamstown, Kentucky 41097-1210.

Docket/Case No.:  16-CR-00042

Result:  Denied

Welch received a hearing on his RCr 11.42 motion.

Welch appealed from the denial of his RCr 11.42 motion.

Welch raised this issue in his RCr 11.42 motion appeal.

Welch appealed to the Kentucky Court of Appeals, 360 Democrat Drive, Frankfort, Kentucky 40601.

Docket/Case No.:  2020-CA-0917-MR

Date of court's decision:  10/14/2022

Result:  Denied

Other remedies:  Motion for Discretionary Review to the Kentucky Supreme Court.

GROUND SIX:  Welch was denied effective assistance of counsel, in violation of the 6th Amendment to the United States Constitution, when trial counsel failed to object to the suppression of exculpatory evidence favorable to him via deliberate destruction and improper handling.

A civilian, Wayne Heightchew, was permitted to collect the SD cards from infrared cameras, take them to his workstation at North American Steel and manufacture pictures from the SD cards.

The SD cards were never turned over to the defense.  The prosecution alleged that one of the SC cards had failed to record any images.

Welch asserts that exculpatory evidence was intentionally withheld, in violation of Brady v. Maryland, 373 U.S. 83 (1963).

Welch suffered prejudice, in that he was denied the ability to prove his innocence.

(c)  Welch did not raise this issue on Direct Appeal.

(d)  Welch did raise this issue through a post-conviction motion in the State trial court via RCr 11.42 motion.

Welch filed his RCr 11.42 motion in the Carroll Circuit Court, Judicial Center, 224 S Main St, Williamstown, Kentucky 41097-1210.

Docket/Case No.:  16-CR-00042

Result:  Denied

Welch received a hearing on his RCr 11.42 motion.

Welch appealed from the denial of his RCr 11.42 motion.

Welch raised this issue in his RCr 11.42 motion appeal.

Welch appealed to the Kentucky Court of Appeals, 360 Democrat Drive, Frankfort, Kentucky 40601.

Docket/Case No.:  2020-CA-0917-MR

Date of court's decision:  10/14/2022

Result:  Denied

Other remedies:  Motion for Discretionary Review to the Kentucky Supreme Court.

GROUND SEVEN:  Welch was denied effective assistance of counsel, in violation of the 6th Amendment to the United States Constitution, when trial counsel failed to object to juror misconduct and move to strike a biased juror thereby depriving him of a fair trial.

During his trial, jurors were allowed to have their cell phones in the jury box. One of the jurors was texting throughout the proceeding.  Welch advised his trial counsel of this and nothing was done.

Welch had prior history with juror Morgan over a drug trafficking incident in 2010.  Morgan told Welch not to come back to the 9th Street Apartments after the arrest.  Morgan worked for 15 years for the Housing Authority where Welch was arrested.

The jury foreperson, Josh McIntire, is married to Brandi McIntire, a Commonwealth Social Worker at the time of the offense and when Welch was tried.  Brandi was the social worker for one of Welch's children at the time.

Welch suffered prejudice, in that he was denied his right to an impartial jury.

(c)  Welch did not raise this issue on Direct Appeal.

(d)  Welch did raise this issue through a post-conviction motion in the State trial court via RCr 11.42 motion.

Welch filed his RCr 11.42 motion in the Carroll Circuit Court, Judicial Center, 224 S Main St, Williamstown, Kentucky 41097-1210.

Docket/Case No.:  16-CR-00042

Result:  Denied

Welch received a hearing on his RCr 11.42 motion.

Welch appealed from the denial of his RCr 11.42 motion.

Welch raised this issue in his RCr 11.42 motion appeal.

Welch appealed to the Kentucky Court of Appeals, 360 Democrat Drive, Frankfort, Kentucky 40601.

Docket/Case No.:  2020-CA-0917-MR

Date of court's decision:  10/14/2022

Result:  Denied

Other remedies:  Motion for Discretionary Review to the Kentucky Supreme Court.

GROUND EIGHT:  Welch was denied effective assistance of counsel, in violation of the 6th Amendment to the United States Constitution, when trial counsel failed to object to the introduction of false/fabricated evidence of the bootprints made by the Sheriff which rendered his trial fundamentally unfair.

Welch was set-up by the Sheriff and his deputies who made false bootprint impressions with his boots after confiscating them and then testified that the bootprints were made by the robber.

Welch suffered prejudice, in that he was denied his right to a fair trial.

(c)  Welch did not raise this issue on Direct Appeal.

(d)  Welch did raise this issue through a post-conviction motion in the State trial court via RCr 11.42 motion.

Welch filed his RCr 11.42 motion in the Carroll Circuit Court, Judicial Center, 224 S Main St, Williamstown, Kentucky 41097-1210.

Docket/Case No.:  16-CR-00042

Result:  Denied

Welch received a hearing on his RCr 11.42 motion.

Welch appealed from the denial of his RCr 11.42 motion.

Welch raised this issue in his RCr 11.42 motion appeal.

Welch appealed to the Kentucky Court of Appeals, 360 Democrat Drive, Frankfort, Kentucky 40601.

Docket/Case No.: 2020-CA-0917-MR

Date of court's decision:  10/14/2022

Result:  Denied

Other remedies:  Motion for Discretionary Review to the Kentucky Supreme Court.

GROUND NINE:  Welch was denied effective assistance of counsel, in violation of the 6th Amendment to the United States Constitution, when trial counsel failed to investigate his clear case of free-standing actual innocence and did not raise the issue.

A witness overheard the victim state that she did not know whether Welch was the person who robbed and kidnapped her.  This happened after Welch's trial in which the victim testified that it was him.

This was noted in a letter from trial counsel to Kathleen A. Schmidt on September 20, 2017 @ 10:44AM.  This information was passed on from Schmidt to Karen M. Bryson, who did nothing with it.

Welch suffered prejudice, in that he was denied his right to present his defense fairly and have it fully developed with facts beneficial to him.

(c)  Welch did not raise this issue on Direct Appeal.

(d)  Welch did raise this issue through a post-conviction motion in the State trial court via RCr 11.42 motion.

Welch filed his RCr 11.42 motion in the Carroll Circuit Court, Judicial Center, 224 S Main St, Williamstown, Kentucky 41097-1210.

Docket/Case No.:  16-CR-00042

Result:  Denied

Welch received a hearing on his RCr 11.42 motion.

Welch appealed from the denial of his RCr 11.42 motion.

Welch raised this issue in his RCr 11.42 motion appeal.

Welch appealed to the Kentucky Court of Appeals, 360 Democrat Drive, Frankfort, Kentucky 40601.

Docket/Case No.:  2020-CA-0917-MR

Date of court's decision:  10/14/2022

Result:  Denied

Other remedies:  Motion for Discretionary Review to the Kentucky Supreme Court.

GROUND TEN:  Welch was denied effective assistance of appellate counsel, in violation of the 6th Amendment to the United States Constitution, when his appellate counsel failed to support a theory on direct appeal with controlling case precedent and to raise issues on appeal.

Appellate counsel failed to support the issue regarding Dr. Neuschatz's testimony being excluded from the trial with relevant case law.

The Kentucky Supreme Court noted this fact.

Moreover, the issues presented via RCr 11.42 were clearly better than those raised by Appellate counsel on direct appeal.

Welch was prejudiced, in that there is a reasonable probability that the appeal would have succeeded but for appellate counsel's failures.

(c)  Welch did not raise this issue on Direct Appeal.

(d)  Welch did raise this issue through a post-conviction motion in the State trial court via RCr 11.42 motion.

Welch filed his RCr 11.42 motion in the Carroll Circuit Court, Judicial Center, 224 S Main St, Williamstown, Kentucky 41097-1210.

Docket/Case No.:  16-CR-00042

Result:  Denied

Welch received a hearing on his RCr 11.42 motion.

Welch appealed from the denial of his RCr 11.42 motion.

Welch raised this issue in his RCr 11.42 motion appeal.

Welch appealed to the Kentucky Court of Appeals, 360 Democrat Drive, Frankfort, Kentucky 40601.

Docket/Case No.:  2020-CA-0917-MR

Date of court's decision:  10/14/2022

Result:  Denied

Other remedies:  Motion for Discretionary Review to the Kentucky Supreme Court.

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☒ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

AO 241
(Rev. 10/07)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:  Serah E. Wiedenhoefer          6159 First Financial Drive, Suite 300
               Assistant Public Advocate       Burlington, Kentucky 41005
               Department of Public Advocacy

(d) At sentencing:  Serah E. Wiedenhoefer

(e) On appeal:  Robert C. Yang                 5 Mill Creek Park, Section 100
                Assistant Public Advocate      Frankfort, Kentucky 40601
                Department of Public Advocacy  (502) 564-8006

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:  Pro Se

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes     ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐ Yes     ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

✎AO 241
(Rev. 10/07)

My direct appeal became final on December 13, 2018 (<u>Welch v. Commonwealth</u>, 563 S.W.3d 612 (Ky. 2018).

On June 4, 2019, I filed a State post-conviction motion pursuant to RCr 11.42. My RCr 11.42 motion became final on June 15, 2023 with the Order of the Supreme Court of Kentucky denying discretionary review (<u>Welch v. Commonwealth</u>, 2023-SC-0023-D).

Pursuant to 28 U.S.C.S. 2244(d)(1)(A) and 28 U.S.C.S. 2244(d)(2) my petition is timely filed.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: That Respondent be required to appear and answer the allegations of this Petition; that after full consideration, this Court relieve him of the unconstitutional restraint on his liberty; that this Court grant oral argument in this matter;

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _7/24/23_ (month, date, year).

Executed (signed) on _7/24/23_ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

RICKY LEE WELCH - 111383
KENTUCKY STATE PENITENTIARY
266 WATER STREET
EDDYVILLE, KENTUCKY 42038



5:23-CV-105-BJB

**FILED**
JAMES J. VILT, JR. - CLERK

JUL 28 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

CLERK, UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
FEDERAL BUILDING
501 BROADWAY, R11 127
PADUCAH, KENTUCKY 42001-6801

